HENRIETTA L. KING ET AL., PLAINTIFFS IN ERROR, v. GILES J. HOLBROOK, DEFENDANT IN ERROR.

1. Holbrook's action was on a *quantum meruit* for work done and materials furnished, and at the trial it appeared that the work was done and the materials were furnished by a firm composed of Holbrook and Scofield. Holbrook put in evidence an assignment of the claim in suit made by himself in the name of the firm to himself. *Held*, that it was unnecessary to decide whether the assignment entitled him to sue in his own name under section 19 of the Practice act as amended by the act of March 4th, 1890, for if not, the case was rightly submitted to the jury, the defendants having given no notice of the non-joinder of Scofield, as required by section 37 of the Practice act.

2. Where there is some evidence of work done and materials furnished, raising an implied contract to pay what they were worth, and some evidence from which a jury could infer their value, it is no error to submit the case to the jury, and if the verdict upon such evidence is excessive, correction must be sought under a rule to show cause.

On error to the Supreme Court.

This action was in contract and was commenced by attachment. The defendants having entered an appearance, the plaintiff filed a declaration containing the common counts with a bill of particulars annexed by which it was shown that the action was for work done and materials furnished, part on an express contract as to compensation and part on a *quantum meruit*. To this the defendants put in the plea of the general issue.

The verdict being for plaintiff, judgment was entered thereon and this writ of error was brought.

For the plaintiff in error, *James P. Northrup.*

For the defendant in error, *Charles Meyer.*

The opinion of the court was delivered by

MAGIE, J. In behalf of the plaintiffs in error it is first contended that the assignments based on the bills of exceptions sealed to the rulings of the trial judge permitting the

jury to find a verdict in favor of Holbrook, the sole plaintiff below, disclose error. This contention is put on the ground that the evidence plainly showed that the work done and materials furnished were done and furnished by a firm composed of Giles J. Holbrook (the plaintiff below) and one Charles Scofield. It is insisted that both partners should have joined as plaintiffs in the action and that it was erroneous to permit Holbrook to recover in his own name.

In support of his case, Holbrook produced and put in evidence an assignment in writing made by himself in the firm name and assigning to himself the claim in suit.

If this was a valid assignment of the claim to Holbrook, he had a right to bring suit thereon in his own name, under the provisions of section 19 of the Practice act, as amended by the act of March 4th, 1890. *Pamph. L., p.* 24. But this question has not been discussed by counsel, and I deem it unnecessary to express any opinion thereon.

Assuming that the assignment was invalid and conferred no right on Holbrook to sue in his own name, it is clear that the action should have been brought in the name of Holbrook & Scofield. In this respect the contention of counsel for plaintiffs in error is obviously correct. But it is equally obvious that this objection was not so presented as to make the rulings complained of erroneous.

By the provisions of section 37 of the Practice act the non-joinder of a plaintiff cannot be objected to by a defendant, unless written notice of such objection has been given within five days after plea filed. *Rev., p.* 853. This section is, in this respect, in exact accord with the provisions of section 9 of the Practice act of 1855. *Pamph. L., p.* 288. That section was construed by this court as absolutely precluding a defendant, who had not given such notice, from questioning at the trial the right of the plaintiff to sue alone, although the defendant would be permitted to show that the contract was joint and to make any defence to it which he could have made if all the contracting parties were plaintiffs. *Brown* v. *Fitch,* 4 *Vroom* 418. That decision has been uniformly fol-

lowed since. *Lehman* v. *Hauk,* 13 *Id.* 206 ; *Marts* v. *Cumberland Insurance Co.,* 15 *Id.* 478 ; *Smith* v. *Miller,* 20 *Id.* 521.

As plaintiffs in error did not show that the required notice had been given, the rulings of the trial judge in the respect now complained of were unexceptionable.

It is next contended that there was error in the refusal of the trial judge to nonsuit the plaintiff below. This is pressed upon the ground that he had not offered sufficient evidence of the amount or value of the work done and materials furnished to go to the jury.

But an examination of the evidence discloses that there was proof of work done and materials furnished, and justifying some inference as to the value thereof. It is true that the proofs in these respects are so meagre and unsatisfactory that it is difficult to see how the verdict, at least for its whole amount, could have been supported on a rule to show cause. But we are to deal only with legal errors, and there was no error in permitting the case to go to the jury upon the proofs made.

It is lastly urged that the verdict is against the great weight of evidence, as to which it is only necessary to say that the argument on this point would have been very appropriate upon a rule to show cause why a new trial should not be granted, but is entirely inappropriate upon a writ of error.

No errors in law having been discovered, the judgment below must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN. 13.

*For reversal*—None.